IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NOS.   04-278 |
| | | 04-552 |
| **DEMETRIUS JERMAINE ANDERSON** | : | |

**O R D E R**

AND NOW, this           day of April, 2019, upon the joint motion of the United States and the defendant, and upon the representations of the parties, the Court FINDS that the United States Bureau of Prisons, under the unique facts and circumstances of this case, and with reference to Third Circuit precedent in *Vega v. United States,* 493 F.3d 310 (3d Cir 2007), has determined that this defendant is to receive credit for time at liberty, which resulted in a federal release date of December 30, 2007, and Anderson has therefore satisfied the custody portion of his sentence.   In light of this finding, and the unique facts and circumstances of this case, it is hereby

O R D E R E D

that the parties motion to resolve the remaining matters concerning the defendant's sentence is GRANTED.    The Court further ORDERS as follows:

1. The previously imposed portion of the sentence that ordered three years of supervised release following custody in the above cases is deemed satisfied by the defendant's period at liberty following his release by Connecticut authorities in November 2006;

2. The order of restitution of $4,140 that was set forth in the judgment in these cases will remain in place;

1

3. The hearing previously set for April 4, 2019, at 2:00 PM in this Court is vacated as unnecessary;

4. The defendant's unsecured bond that was signed in the District of Connecticut on March 20, 2019 is exonerated, and there shall be no further Pretrial Services supervision of this defendant in these cases for matters occurring prior to this order.

BY THE COURT:

_____
HONORABLE PAUL S. DIAMOND
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| v. | : | CRIMINAL NOS. | 04-278 |
| | | | 04-552 |
| DEMETRIUS JERMAINE ANDERSON | : | | |

**JOINT MOTION TO RESOLVE REMAINING SENTENCE MATTERS**

The United States and the defendant, Demetrius Jermaine Anderson, jointly move that this Court resolve certain matters remaining concerning the sentence in this case. Specifically, the parties jointly request that the Court order that (1) the three-year term of supervised release previously imposed in the 2005 judgment in these cases has been satisfied by Anderson's time at liberty following his 2006 release by the State of Connecticut; (2) the order of restitution ($4,140) remain in place; (3) the hearing previously set for April 4, 2019 at 2:00 before this Court be vacated; and (4) the unsecured bond that the defendant signed in the District of Connecticut on March 20, 2019 be exonerated and Pretrial Services may terminate supervision of this defendant. In support of this Motion the parties state as follows:

1. On January 18, 2005, Anderson pleaded guilty to charges from two separate indictments that had been consolidated for plea and sentencing before this Court. In case CR 04-278, Anderson pleaded guilty to two counts related to possessing and passing counterfeit currency at two retail stores (18 U.S.C. §472). In case CR 04-552, Anderson pleaded guilty to two counts of identity theft (18 U.S.C. §1028(a)(7)) in relation to his use of another person's identity in connection with attempts to purchase automobiles.

1

2. On May 4, 2005, this Court sentenced Anderson to serve 16 months imprisonment, three years of supervised release, a special assessment of $400, and ordered restitution of $4,140 ($160 to Strawbridge's and $3,980 to Ikea). The restitution related to the counterfeit currency charges in CR 04-278. This Court ordered that the 16-month custody sentence would be on each count, and that "all such terms would run concurrently." Docket Entry 44 (CR 04-278).

3. When Anderson was before this Court for plea and sentence, he was here on a writ issued by Judge James T. Giles to the warden of New Haven Correctional Facility in Connecticut. Docket Entry 4 (CR 04-278). At that time there were charges pending against Anderson in the State of Connecticut. Anderson was not serving any other sentence when this Court sentenced Anderson on May 5, 2005. The Connecticut charges related to forgery, larceny, bad checks, and failure to appear, among other charges (Connecticut docket number S01S-CR96-0116079-S).

4. After this Court sentenced Anderson on May 5, 2005, the United States Marshal returned Anderson to the custody of the State of Connecticut. The Marshal lodged a Detainer dated May 5, 2005 with Connecticut authorities to have Anderson returned to federal custody following his state proceedings and sentence, in order that Anderson could serve his federal sentence.

5. Because Anderson was here on a writ to Connecticut, and therefore was still technically in state custody, Anderson's time here during his criminal proceedings in this Court counted toward his state sentence, but not against his federal sentence.

6. On June 28, 2005, Anderson pleaded guilty to Forgery, and Failure to Appear, in state court in Connecticut. On that same date, the judge sentenced Anderson to serve three years on each count. The transcript of the state guilty plea proceeding shows that the state judge sentenced Anderson to three years and "[a]ll the counts are to be concurrent to each other for a total effective sentence of three years to serve." There was no order that it would be concurrent to the federal sentence. At the time of the imposition of this state sentence, Anderson was not serving, and had not begun serving, the federal sentence of 16 months imprisonment that this Court imposed on May 5, 2005.

7. Anderson then served his state sentence. During the course of his serving that sentence, the Marshal in this district twice sent memoranda to the New Haven Correctional Facility seeking confirmation of the Detainer on Anderson. Each time, a representative of the New Haven Correctional Facility returned that memorandum confirming that the Detainer was on file. One confirmation was received back by the Marshal on 10/14/05, and the second was dated by the Connecticut representative on 7/18/06.

8. The Connecticut authorities released Anderson from custody on November 2, 2006. The Connecticut authorities did not notify the Marshal that they were releasing Anderson, and did not turn Anderson over to federal authorities, despite a federal Detainer being in place. The United States Bureau of Prisons (BOP) later determined that this release date was November 2, 2006.

9. Federal authorities were not aware of Anderson's release. Federal authorities did not discover that Anderson had not served his federal prison sentence until late 2018 or early 2019 (although, according to BOP, an inquiry was made to BOP by the Eastern

District of Pennsylvania in September 2017, causing BOP to do extensive research on the question).

  10. On February 28, 2019, at the request of the Marshal in this district, this Court issued a bench warrant for Anderson.

  11. On March 20, 2019, deputy U.S. marshals in Connecticut arrested Anderson and brought him before U.S. Magistrate Judge Robert M. Spector in the District of Connecticut.   Magistrate Judge Spector ordered Anderson released on an unsecured $50,000 bond and ordered him to appear in person for a hearing before this Court at 2 PM on Thursday, April 4, 2019.

  12. During the time that he was out of custody, from November 2, 2006 to the present, Anderson was not arrested for or convicted of any crime.   Counsel for Anderson reports that he has found employment and has been and is now gainfully employed.

  13. Following Anderson's March 20, 2019 arrest, the Marshal in this district notified the BOP and requested that BOP calculate Anderson's sentence and determine his designation.

  14. On March 29, 2019, BOP, under the unique circumstances of this case, and relying on Third Circuit precedent in *Vega v. United States*, 493 F.3d 310 (3d Cir. 2007), determined that Anderson should receive "credit for the time he was at liberty" following his erroneous release on November 2, 2006.   BOP determined that the application of this credit resulted in a federal BOP release date of December 30, 2007.   BOP has thus deemed his custody sentence satisfied.   The government agrees with this determination reached by BOP.

4

15. The parties agree that given Anderson's time at liberty without any arrests or criminal convictions, there would be no significant interest served by requiring him to serve a three-year period of supervised release at this time. The parties suggest that Anderson's time at liberty following his November 2006 release from state custody was substantially equivalent to non-reporting supervised release, and is sufficient for this Court to deem Anderson's supervised release condition satisfied. The parties submit that this would be consistent with the common law right to not serve a sentence in installments, as set out in *Vega*. This was the decision reached by a district court in a case with similar facts. *Johnson v. Mathieson*, 2015 WL 3772776 (E.D. Va. June 16, 2015). The parties urge the Court to find that Anderson's good conduct out of custody since his release effectively satisfies the purposes of supervised release under these unique circumstances, and further urge the Court to find the three-year term of supervised release fully satisfied.

16. Because of the determination of the BOP, and the recommendations of the parties in this motion, the government and the defendant suggest that there is no reason for a hearing before this Court on April 4, 2019 at 2:00 PM as is currently scheduled. The parties urge this Court to vacate this hearing date.

17. Because Anderson has satisfied his custody obligation (as determined by BOP), and provided that the Court decides that it need not hold a hearing on April 4, 2019, with Anderson present, the bond he signed in the District of Connecticut can be exonerated and Pretrial Services can conclude its supervision of the defendant here.

18. The part of the sentence ordering restitution to Strawbridge's and to Ikea are not affected by the delay in discovering Anderson's release from Connecticut. The parties

agree that this restitution obligation should remain in place and be paid by Anderson or be subject to collection.   Anderson has agreed to pay the $4,140 in restitution by making payments of $250 per month until the total is paid.   Anderson has also agreed to complete a financial statement and submit that statement to the United States Attorney.

19. The special assessment imposed by this Court ($400) has expired and is no longer collectable.   18 U.S.C. 3013(c) (five year limit on special assessments).

20. Rossman D. Thompson, Jr., counsel to Anderson, has reviewed this motion and proposed order.   On April 1, 2019, Mr. Thompson agreed that this could be filed as a joint motion.

For the above reasons, the parties urge this Court to order that (1) the three-year term of supervised release previously imposed in the 2005 judgment in these cases be vacated as unnecessary or fully satisfied by time at liberty; (2) the order of restitution ($4,140) remain in place; (3) the hearing previously set for April 4, 2019 at 2:00 before this Court be vacated;   and (4) the bond that the defendant signed in the District of Connecticut on March 20, 2019 be exonerated and Pretrial Services may terminate supervision of this defendant for matters occurring to date.

                                                Respectfully yours,

                                                WILLIAM M. MCSWAIN
                                                United States Attorney

                                                *s/ Albert S. Glenn*
                                                ALBERT S. GLENN
                                                Assistant United States Attorney

Dated: April 2, 2019

## CERTIFICATE OF SERVICE

I certify that I caused a copy of

## JOINT MOTION TO RESOLVE REMINING SENTENCING MATTERS

to be served on the below date by mail on the following:

Rossman D. Thompson, Jr.
Assistant Federal Defender
Defender Association of Philadelphia, Federal Court Division
The Curtis Center   Building
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

                                                 *s/ Albert S. Glenn*
                                                 ALBERT S. GLENN
                                                 Assistant United States Attorney

Dated:     April 2, 2019