IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim. No. 04-278** |
| : | **Crim. No. 04-552** |
| **DEMETRIUS JERMAINE ANDERSON** : | |

### O R D E R

On April 2, 2019, the Government and Defendant Demetrius Jermaine Anderson filed a joint Motion asking me to: (1) credit Defendant's time at liberty toward his unserved term of supervised release and deem such term satisfied; (2) order that his $4,140 in unpaid restitution remains in place; (3) cancel the hearing scheduled for April 4, 2019; (4) exonerate the unsecured bond that Defendant signed in the District of Connecticut on March 20, 2019; and (5) terminate Pretrial Services' supervision of Defendant. (Joint Mot. 1, Doc. No. 50, Crim. No. 04-278; Doc. No. 35, Crim. No. 04-552.) On April 3, 2019, I continued the April 4 hearing and ordered the Parties to "submit legal memoranda in which they address whether Defendant still has an obligation to pay the $4,140 in restitution and $400 special assessment as ordered on May 4, 2005, and, if so, how that obligation is to be structured and enforced." (Doc. No. 52, Crim. No. 04-278; Doc. No. 37, Crim. No. 04-552.) The issues have been fully briefed. (Doc. Nos. 54, 55, Crim. No. 04-278; Doc. Nos. 39, 40, Crim. No. 04-552.) I will grant the Parties' Motion.

**I.   FACTUAL BACKGROUND**

In 2004, Defendant was arrested in Connecticut on state charges of forgery, larceny, bad checks, and failure to appear. State v. Anderson, No. S01S-CR96-0116079-S (Ct. 2004.). On May 18, 2004, while his state charges were pending, Defendant was indicted federally in this Court on counterfeit currency charges. (Doc. No. 1, Crim. No. 04-278.) On June 18, 2004, Chief Judge James T. Giles (to whom this matter was assigned) issued a writ to the Warden of the New Haven

1

Correctional Facility (where Defendant was being held), ordering Defendant's transfer into federal custody. (Doc. No. 4, Crim. No. 04-278.) On August 5, 2004, Defendant was arraigned in this Court before Magistrate Judge Sandra Moore Wells. (Doc. No. 7, Crim. No. 04-278.)

On September 14, 2004, Defendant was charged here in a second federal Indictment with identity theft. (Doc. No. 1, Crim. No. 04-552.) During his commission of that offense, Defendant sought to flee, driving his car into a police officer. (Id.) On November 22, 2004, both cases were consolidated before me. (Doc. No. 32, Crim. No. 04-278.) On January 18, 2005, Defendant appeared before me and pled guilty to all charges. (Doc. No. 36, Crim. No. 04-278; Doc. No. 22, Crim. No. 04-552.) On May 4, 2005, I sentenced Defendant to concurrent terms of sixteen months imprisonment; three years of supervised release; a $400 special assessment; and restitution of $4,140 to be paid to his victims. (Doc. No. 44, Crim. No. 04-278; Doc. No. 29, Crim. No. 04-552.) Defendant was then returned to state custody in Connecticut.

On June 28, 2005, Defendant pled guilty to the state charges and was sentenced to concurrent terms of three years imprisonment. (Joint Mot. 3.) On November 2, 2006, the lodging of a federal detainer notwithstanding, Connecticut authorities released Defendant after he finished serving his state sentence. (Id.) Those authorities thus mistakenly freed Defendant before he served any portion of his federal sentence. (Id.)

Some twelve years later, an internal audit at the Federal Bureau of Prisons revealed this error. (Id. at 4.) On February 28, 2019, I signed a bench warrant for Defendant's arrest. (See Crim. No. 04-278; Crim. No. 04-552.) On March 20, 2019, the U.S. Marshals arrested Defendant in Connecticut and brought him before a Magistrate, who ordered that Defendant be released on a $50,000 unsecured bond and appear before me on April 4, 2019. (Joint Mot. 4.)

On March 29, 2019, the BOP credited Defendant's time at liberty to his sixteen-month term of imprisonment and deemed his term of imprisonment satisfied. (Id.)

## II. DISCUSSION

The Parties ask me to credit Defendant's time at liberty to his unserved three-year supervision term and so deem that term satisfied. They agree that he remains liable for his restitution obligation, but not his special assessment.

*Supervised Release*

The Third Circuit has developed a burden-shifting test to determine if a defendant is entitled to receive credit respecting an unserved term of imprisonment for time that he erroneously spent at liberty. Vega v. United States, 493 F.3d 310, 316 (3d Cir. 2007). The defendant must:

> demonstrate that he has been released despite having unserved time remaining on his sentence. Once he has done this, the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or (2) that the prisoner obtained or retained his liberty through his own efforts.

Id. at 319.

No Circuit has addressed whether the *Vega* test applies to an unserved term of supervision. A single district court has, however. Johnson v. Mathieson, 2015 WL 3772776, at *1 (E.D. Va. June 16, 2015). The Virginia federal court sentenced Johnson to sixty months' imprisonment to be served consecutive to a state sentence that had been previously imposed. Id. After Johnson was released from state custody, he was not detained and so never served his federal sentence. Id. Eleven years later, Johnson was arrested after the BOP discovered this mistake. Id. Applying the *Vega* test, the Virginia District Court found that Johnson had: (1) been erroneously released; (2) not been arrested since his release; and (3) made no efforts to evade federal authorities. Id. at *2–3. The Court further found that the BOP had negligently failed to detain Johnson following his

release from state custody. Id. at *2–3. Accordingly, the Court awarded Johnson time at liberty credit to satisfy both his sixty-month imprisonment term and term of supervised release. Id. at *3.

*Johnson* is consistent with the Third Circuit's holding that "a prisoner has a right to serve his sentence continuously and in a timely manner." Vega, 493 F.3d 318. I will follow *Johnson* here and apply the *Vega* test to Defendant's unserved term of supervised release. See id. The Parties agree that Connecticut authorities released Defendant mistakenly. (See Joint Mot. 5). There is no evidence that Defendant evaded federal authorities since he has been at liberty. It also appears that federal authorities were negligent in allowing Defendant to remain at liberty in the circumstances presented. See Johnson, 2015 WL 3772776, at *3. Finally, Defendant has not been arrested or convicted of any criminal offenses while at liberty. (Joint Mot. 4.)

Because the requirements of *Vega* and *Johnson* are satisfied, I will credit Defendant's time at liberty to his term of supervised release and deem that term satisfied. See Vega, 493 F.3d at 316; Johnson, 2015 WL 3772776, at *3.

### *Restitution*

The Parties acknowledge that Defendant's restitution obligation remains enforceable and inform me that Defendant has agreed to pay it in $250 monthly installments over the next seventeen months. (Joint Mot. 6.)

"The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b). The Parties agree that Defendant was released from prison on November 2, 2006, and that his obligation to pay restitution remains in effect until November 2, 2026. (See Govt. Mem. 8; Def.'s Mem. 2–3.) Although I will no longer have authority to enforce Defendant's restitution obligation when his supervised release is terminated, the Government may

4

enforce the obligation under 18 U.S.C. § 3613. Accordingly, I will order that Defendant's restitution obligation remains in place and that he pay it in $250 monthly installments until he has satisfied the obligation.

*Special Assessment*

The obligation to pay a special assessment "ceases five years after the date of the judgment." 18 U.S.C. § 3103(c). Because more than five years have passed since Judgment was imposed on May 4, 2005, Defendant is no longer liable for his $400 special assessment. Id.

### III. CONCLUSION

In sum, I will: (1) grant the Parties' Motion; (2) credit Defendant's time at liberty to his three-year term of supervised release and deem that term satisfied; (3) order that Defendant's restitution obligation remains in place and that he pay it in $250 monthly installments until paid in full; (4) exonerate the unsecured bond that Defendant signed in the District of Connecticut on March 20, 2019; (5) vacate the bench warrant I issued on March 28, 2019; (6) terminate Pretrial Services' supervision of Defendant; and (7) cancel the hearing scheduled for May 1, 2019.

*           *           *

**AND NOW**, this 18th day of April, 2019, it is hereby **ORDERED** that:

1. The Parties' Joint Motion (Doc. No. 50, Crim. No. 04-278; Doc. No. 35, Crim. No. 04-552) is **GRANTED**;

2. Defendant's time at liberty is **CREDITED** to his unserved term of supervised release. Defendant's supervised release is thus deemed **SATISFIED**;

3. Defendant's $4,140 restitution obligation remains in place; he shall **SATISFY** that obligation in $250 monthly installments until he has paid it in full;

4. Defendant's unsecured bond that was signed in the District of Connecticut on March 20, 2019 is **EXONERATED**;

5. The Court's March 28, 2019 bench warrant is **VACATED**;

6. Pretrial Services shall cease supervision of Defendant; and

7. The hearing scheduled for May 1, 2019 is **CANCELLED**.

**AND IT IS SO ORDERED.**

April 18, 2019               */s/ Paul S. Diamond*
                             _____
                             Paul S. Diamond, J.